UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SAIONARA LEON and all others similarly situated under 29 U.S.C. 216(B),

    Plaintiff,

vs.

HOBO, L.L.C. d/b/a MAYA TAPAS & GRILL
ROLANDO MAYA
SARA MAYA,

    Defendants.

## COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE VIOLATIONS

Plaintiff, SAIONARA LEON on behalf of herself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, HOBO, L.L.C. d/b/a MAYA TAPAS & GRILL, ROLANDO MAYA, and SARA MAYA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant HOBO, L.L.C. d/b/a MAYA TAPAS & GRILL is a limited liability company that regularly transacts business within Dade County. Upon information and belief, the Defendant Company was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant ROLANDO MAYA is a corporate officer and/or owner and/or manager of the Defendant Company who ran the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore

Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant SARA MAYA is a corporate officer and/or owner and/or manager of the Defendant Company who ran the day-to-day operations of the Defendant Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d)

6. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL MINIMUM WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

10. Plaintiff worked for Defendants as a customer service representative and server from on or about January 10, 2012 through on or about August 26, 2013.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2011, 2012, and 2013.

14. Between on or about January 10, 2012 through on or about August 26, 2013, except for an eight day vacation in July 2013, Plaintiff worked an average of 36 hours a week for the Defendants. Plaintiff was paid no wage at all for said work- receiving only tips- in violation of the Fair Labor Standards Act as said non-payment of any type of base wage did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the applicable minimum wage rate of $7.25/hr for all hours worked.

15. Furthermore, Defendants would regularly take out $3.00 from Plaintiff's tips as insurance for broken dishes- even when there were no broken dishes- and 3% of Plaintiff's tips went to

covering charges from credit card transactions.

16. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

17. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT II. BREACH OF CONTRACT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-17 above and further states:

18. This Court has jurisdiction for Plaintiff's breach of contract claim under the Court's

Supplemental Jurisdiction. 28 USC 1367.

19. As noted previously in paragraph 15, Defendants illegally retained significant portions of Plaintiff's tips.

20. Defendants, however, have not re-paid Plaintiff any of the tip money that Defendants have retained from Plaintiffs.

21. Plaintiffs had performed all duties under the contract, and as such Defendants have breached said contract.

22. Defendants breached the contract with Plaintiffs and Plaintiffs have been damaged.

Wherefore, Plaintiffs request all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the breach of oral contract, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121